AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means

☒ Original ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
Middle District of North Carolina

FILED
SEP - 6 2023
IN THIS OFFICE
Clerk U.S. District Court
Greensboro, NC
By _____

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>500 Jackson Street, Kannapolis, NC, and electronic<br>devices owned, used, or controlled by Brett Rotella<br>a/k/a Brett Ostrander at the premises | Case No. 1:23MJ 362 |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____Middle_____ District of _____North Carolina_____
*(identify the person or describe the property to be searched and give its location):*
See Attachment A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:
See Attachment B

**YOU ARE COMMANDED** to execute this warrant on or before _____September 8, 2023_____ *(not to exceed 14 days)*
☒ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____L. Patrick Auld_____.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: 08/25/23; 3:50 pm         _____[signature]_____
                                                 *Judge's signature*

City and state: Greensboro, North Carolina       L. Patrick Auld, United States Magistrate Judge
                                                 *Printed name and title*

# Return

| Case No.: 1:23MJ 362 | Date and time warrant executed: 8-29-23 | Copy of warrant and inventory left with: Nicole Cohee |
|---|---|---|

Inventory made in the presence of:
SA Andy Fulp

Inventory of the property taken and name(s) of any person(s) seized:

Black Vest
Acer Laptop
Samsung Phone + Charger

# Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 8-30-23

_____
Executing officer's signature

Catherine Bowles, TFO
Printed name and title

## ATTACHMENT A

*Property to be searched.*

The property to be searched is 500 Jackson Street, Kannapolis, North Carolina (the "PREMISES"), further described as a single story, stand-alone house with red brick exterior and white shutters.



1

## ATTACHMENT B

*Property to be seized.*

The items to be seized are evidence, information, or instrumentalities, in whatever form and however stored, relating to violations of 18 U.S.C. §§ 1512(c)(2) (obstruction of Congress); 111 (assaulting, resisting, or impeding certain officers); 231 (civil disorder), 371 (conspiracy); 372 (conspiracy to impede or injure officer); 641 (theft of government property); 1361 (destruction of government property); 2101 (interstate travel to participate in riot); 1752(a) (various offenses in restricted buildings or grounds); and 40 U.S.C. §§ 5104(e)(2) (various offenses in the Capitol Buildings) (the "TARGET OFFENSES") that have been committed by BRETT ROTELLA a/k/a Brett Alan Ostrander ("the Subject") and other identified and unidentified persons, as described in the search warrant affidavit; in the form of:

### Clothing and Other Objects

1. Evidence of the TARGET OFFENSES such as articles of clothing worn by ROTELLA or objects possessed or used by ROTELLA at the Capitol Buildings on January 6, 2021 to include a black sleeveless puffy vest, a red sleeveless t-shirt, a red skull cap, white or gray Nike shorts with a Nike swoosh on them, and black tennis shoes; and flags or a flag pole, canisters of pepper spray or other non-lethal crowd control remnants, consistent with those objects held or used by ROTELLA on January 6, 2021; and other clothing, articles, or objects that constitute evidence that ROTELLA participated in the unlawful activity at the U.S. Capitol;

### Physical documents, records, photographs, papers and objects

2. Physical documents, records, photographs, papers, and objects that constitute evidence of the TARGET OFFENSES, as follows:

   a. documents, records, photographs, and objects that show ROTELLA and other persons engaged in any conspiracy, planning, or preparation to commit those offenses;

   b. documents, records, photographs, and objects that show ROTELLA made efforts after the fact to conceal evidence of his participation in those offenses, or to flee prosecution for the same;

1

c. documents, records, photographs, and objects that reveal the identity of persons who collaborated, conspired, or assisted (knowingly or unknowingly) the commission of the criminal activity under investigation;

d. documents, records, photographs, and objects that show ROTELLA engaged in planning to unlawfully enter the U.S. Capitol, including any maps or diagrams of the building or its internal offices;

e. documents, records, photographs, and objects that show ROTELLA unlawfully entered into the U.S. Capitol, including any property of the U.S. Capitol;

f. documents, records, photographs, and objects that show ROTELLA researched or had knowledge of the official proceeding that was to take place at Congress on January 6, 2021, i.e., the certification process of the 2020 Presidential Election;

g. documents, records, photographs, and objects that show ROTELLA was making efforts, or aware of other's efforts to obstruct, impede, or disrupt the official proceeding that was to take place at Congress on January 6, 2021, i.e., the certification process of the 2020 Presidential Election;

h. documents, records, photographs, and objects that show ROTELLA participated in the breach and unlawful entry of the United States Capitol on January 6, 2021;

i. documents, records, photographs, and objects that show ROTELLA participated in the riot and/or civil disorder at the United States Capitol on January 6, 2021;

j. documents, records, photographs, and objects that show ROTELLA participated in the assaults of federal officers/agents and took actions to impede such federal officers/agents in the performance of their duties the United States Capitol on January 6, 2021;

k. documents, records, photographs, and objects that show ROTELLA committed damage to, or theft of, property at the United States Capitol on January 6, 2021;

l. documents, records, photographs, and objects that show ROTELLA was aware prior to January 6, 2021, that the U.S. Capitol was closed to the public on January 6, 2021;

m. documents, records, photographs, and objects that show ROTELLA was present at the U.S. Capitol on or around January 6, 2021;

n. documents, records, photographs, and objects that show ROTELLA was researching the results of, challenges to, or questions about the legitimacy of the 2020 Presidential Election;

2

o. documents, records, photographs, and objects, such as receipts for travel, which may serve to prove ROTELLA traveled to or from Washington, D.C. from November, 2020 through January, 2021, his motive and intent for making such travel to Washington, D.C. and the U.S. Capitol on or about January 6, 2021, and the planning of his travel to and activities in Washington, D.C. on or about January 6, 2021, including coordinating travel with or planning to meet with other persons, and his research about the U.S. Capitol, modes of travel, travel expenses, and travel logistics on or about January 6, 2021;

p. documents, records, photographs, and objects that show ROTELLA knew about plans to riot or intended to riot at the U.S. Capitol on January 6, 2021, participated in the riot at the U.S. Capitol on January 6, 2021, or followed news accounts of the investigation of the riot at the U.S. Capitol on January 6, 2021 in its aftermath;

q. documents, records, photographs, and objects containing names, addresses, and telephone numbers of conspirators and potential witnesses of violations of the TARGET OFFENSES when this association is evident from the document, record, photograph, or object itself; and

r. Photographs of ROTELLA and/or co-conspirators at events in Washington D.C. on January 6, 2021, and photographs of events in Washington D.C. on or about January 6, 2021, which constitute evidence of the TARGET OFFENSES by revealing relationships between members of a conspiracy, and documenting places visited by ROTELLA while in Washington D.C.

**Electronic Devices (Cell Phones, Laptops, and Tablets) and Electronic Evidence**

3. The seizure of electronic devices (hereinafter "the Devices(s)"), belonging to ROTELLA and located at the PREMISES at the time of the execution of this warrant, specifically:

a. cellular phones bearing phone numbers XXX-XXX-8126 ("Rotella Phone 1") and/or XXX-XXX-7719 ("Rotella Phone 2");

b. any additional cellular phone that can be easily identified as being owned or possessed by ROTELLA; and

c. any laptop computer or tablet computer that can be easily identified as being owned or possessed by ROTELLA.

3

4. The search of each of the Device(s) for the following electronic evidence:

   a. electronic documents, records, data, videos, photographs, and electronic communications that show ROTELLA and other persons engaged in any conspiracy, planning, or preparation to commit those offenses;

   b. electronic documents, records, data, videos, photographs, and electronic communications that show ROTELLA made efforts after the fact to conceal evidence of his participation in those offenses, or to flee prosecution for the same;

   c. electronic documents, records, data, videos, photographs, and electronic communications that reveal the identity of persons who collaborated, conspired, or assisted (knowingly or unknowingly) the commission of the criminal activity under investigation;

   d. electronic documents, records, data, videos, photographs, and electronic communications that show ROTELLA engaged in planning to unlawfully enter the U.S. Capitol, including any maps or diagrams of the building or its internal offices;

   e. electronic documents, records, data, videos, photographs, and electronic communications that show ROTELLA unlawfully entered into the U.S. Capitol, including any property of the U.S. Capitol;

   f. electronic documents, records, data, videos, photographs, and electronic communications that show ROTELLA researched or had knowledge of the official proceeding that was to take place at Congress on January 6, 2021, i.e., the certification process of the 2020 Presidential Election;

   g. documents, records, photographs, and objects that show ROTELLA was making efforts, or aware of other's efforts to obstruct, impede, or disrupt the official proceeding that was to take place at Congress on January 6, 2021, i.e., the certification process of the 2020 Presidential Election;

   h. electronic documents, records, data, videos, photographs, and electronic communications that show ROTELLA participated in the breach and unlawful entry of the United States Capitol on January 6, 2021;

   i. electronic documents, records, data, videos, photographs, and electronic communications that show ROTELLA participated in the riot and/or civil disorder at the United States Capitol on January 6, 2021;

   j. electronic documents, records, data, videos, photographs, and electronic communications that show ROTELLA participated in the assaults of federal officers/agents and took actions to impede such federal officers/agents in the performance of their duties the United States Capitol on January 6, 2021;

k. electronic documents, records, data, videos, photographs, and electronic communications that show ROTELLA committed damage to, or theft of, property at the United States Capitol on January 6, 2021;

l. electronic documents, records, data, videos, photographs, and electronic communications that show ROTELLA was aware prior to January 6, 2021, that the U.S. Capitol was closed to the public on January 6, 2021;

m. electronic documents, records, data, videos, photographs, and electronic communications that show ROTELLA was present at the U.S. Capitol on or around January 6, 2021;

n. electronic documents, records, data, videos, photographs, and electronic communications that show ROTELLA was researching the results of, challenges to, or questions about the legitimacy of the 2020 Presidential Election;

o. electronic documents, records, data, videos, photographs, and electronic communications that show ROTELLA made travel arrangements to travel to Washington, D.C. in or around January 2021, his motive and intent for travel to Washington, D.C. in or around January 2021, the planning of his travel to and activity in Washington, D.C. on or about January 6, 2021, including coordinating travel with or planning to meet with other persons, his research about the U.S. Capitol, and mode of travel, travel expenses, and travel logistics on or about January 6, 2021;

p. electronic documents, records, data, videos, photographs, and electronic communications that show ROTELLA knew about plans to riot or intended to riot at the U.S. Capitol on January 6, 2021, participated in the riot at the U.S. Capitol on January 6, 2021, or followed news accounts of the investigation of the riot at the U.S. Capitol on January 6, 2021 in its aftermath;

q. electronic documents, records, data, photographs, and electronic communications that contain names, addresses, and telephone numbers of conspirators and potential witnesses of violations of the TARGET OFFENSES when this association is evident from the document, record, photograph, or object itself; and

r. electronic documents, records, data, videos, photographs, and electronic communications that show ROTELLA and/or co-conspirators were at events in Washington D.C. on January 6, 2021, and videos or photographs of events in Washington D.C. on or about January 6, 2021, which constitute evidence of the TARGET OFFENSES by revealing relationships between members of a conspiracy, and documenting places visited by ROTELLA while in Washington D.C.;

5

5. The search of each of the Device(s) for:

   a. evidence of who used, owned, or controlled the Device(s) at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, chat, instant messaging logs, photographs, and correspondence;

   b. evidence of software, or the lack thereof, that would allow others to control the Device(s), such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

   c. evidence of the attachment to the Device(s) of other storage devices or similar containers for electronic evidence;

   d. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the Device(s);

   e. evidence of the times the Device(s) was used in connection with items that are otherwise subject to seizure under this warrant;

   f. passwords, encryption keys, and other access devices that may be necessary to access the Device(s);

   g. documentation and manuals that may be necessary to access the Device(s) or to conduct a forensic examination of the Device(s);

   h. records of or information about Internet Protocol addresses used by the Device(s); and

   i. records of or information about the Device(s)'s Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses that pertain to the events of January 6, 2021 at the U.S. Capitol; attempts to obstruct, impede, or disrupt the official proceeding that was to take place at Congress on January 6, 2021, i.e., the certification process of the 2020 Presidential Election; the U.S. Capitol grounds and features of the U.S. Capitol building; the Federal Bureau of Investigation's investigation of the events of January 6, 2021 at the U.S. Capitol; ROTELLA's own participation or the participation of others in the events of January 6, 2021 at the U.S. Capitol, such as rioting, assaulting or impeding police officers, and transgressing police barriers and

6

U.S. Capitol access points; and pertaining to item otherwise subject to seizure under this warrant.

### Use of Biometric Information to Access the Devices(s)

6. Law enforcement personnel are also specifically authorized to obtain from ROTELLA, a/k/a Ostrander the compelled display of any physical biometric characteristics (such as fingerprint/thumbprint, facial characteristics, or iris display) necessary to unlock any Device(s) identified in Attachment B, Paragraph 3, above, if the Device(s) were seized at the PREMISES pursuant to this warrant and the Device(s) require such biometric access, for which law enforcement has reasonable suspicion that the aforementioned person(s)' physical biometric characteristics will unlock the Device(s), to include pressing fingers or thumbs against and/or putting a face before the sensor, or any other security feature requiring biometric recognition of:

(a) any of the Device(s) found at the PREMISES and listed in Attachment B, Paragraph 3, above,

(b) where the Device(s) are limited to those which are capable of containing and reasonably could contain fruits, evidence, information, contraband, or instrumentalities of the offense(s) as described in the search warrant affidavit and warrant attachments,

for the purpose of attempting to unlock the Device(s)'s security features in order to search the contents as authorized by this warrant. Law enforcement officers are not authorized by this warrant to utilize biometric characteristics from any other individuals present at the PREMISES at the time of execution of the warrant to gain access to any electronic devices.

While attempting to unlock the device by use of the compelled display of biometric characteristics pursuant to this warrant, law enforcement is not authorized to demand that the

7

aforementioned person(s) state or otherwise provide the password or identify the specific biometric characteristics (including the unique finger(s) or other physical features), that may be used to unlock or access the Device(s). Nor does the warrant authorize law enforcement to use the fact that the warrant allows law enforcement to obtain the display of any biometric characteristics to compel the aforementioned person(s) to state or otherwise provide that information. However, the voluntary disclosure of such information by the aforementioned person(s) is permitted. To avoid confusion on that point, if agents in executing the warrant ask any of the aforementioned person(s) for the password to any Device(s), or to identify which biometric characteristic (including the unique finger(s) or other physical features) unlocks any Device(s), the agents will not state or otherwise imply that the warrant requires the person to provide such information, and will make clear that providing any such information is voluntary and that the person is free to refuse the request.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

The term "digital devices" includes any electronic system or device capable of storing or processing data in digital form, including central processing units; desktop computers, laptop computers, notebooks, and tablet computers; personal digital assistants; wireless communication devices, such as telephone paging devices, beepers, mobile telephones, and smart phones; digital cameras; peripheral input/output devices, such as keyboards, printers, scanners, plotters, monitors, and drives intended for removable media; related communications devices, such as modems,

8

routers, cables, and connections; storage media, such as hard disk drives, floppy disks, USB flash drives, memory cards, optical disks, and magnetic tapes used to store digital data (excluding analog tapes such as VHS); security devices; and any other type of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions.

### Safes and Secured Containers

7. The seizure and search of safes, both combination and key type, or secured storage containers that could hold documents, devices, and objects such as those described above in this Attachment, and entry into those safes and secured storage containers by force, is authorized by this warrant if such entry cannot easily be achieve by other means, and seizure of the contents, which contain evidence of the commission of the TARGET OFFENSES in the forms identified above; and

### Indicia of Ownership and Control

8. Indicia of ownership and control, including, receipts, invoices, bills, canceled envelopes, and keys, which identifies ROTELLA as the owner of documents, devices, objects, and other evidence of the TARGET OFFENSES.